ANDREW J. DOYLE
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
United States Department of Justice
P.O. Box 7611
Washington, DC 20044
Telephone:  (202) 514-4427
andrew.doyle@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| OREGON CATTLEMEN'S ASS'N,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>Defendants. | Case No. 3:19-cv-000564 |

**FEDERAL DEFENDANTS' ANSWER TO COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 8, Defendants the United States

Environmental Protection Agency ("EPA"); Andrew R. Wheeler, Administrator of the United

States Environmental Protection Agency; the United States Army Corps of Engineers ("Corps");

and R.D. James, Assistant Secretary of the Army (collectively "Federal Defendants"), through

the undersigned counsel, respectfully answer the Complaint in the above-captioned action.

The headings and subheadings within the Complaint in Intervention do not contain

allegations that require a response.  To the extent a response is required, the allegations

contained in the headings and subheadings are denied.

1. The allegations in the first, ninth, and tenth sentences of Paragraph 1 characterize the contents of the Complaint and Plaintiff's claims; Federal Defendants aver that this document speaks for itself, is the best evidence of its contents, and no response is required. The allegations in the second sentence of Paragraph 1 characterize the Clean Water Act; Federal Defendants aver that the Act speaks for itself and is the best evidence of its contents, and no response is required. Federal Defendants lack sufficient information to form a belief as to the allegations relating to "permitting" contained in the third sentence of Paragraph 1. With respect to the allegations in the fourth sentence of Paragraph 1, Federal Defendants admit that the scope of jurisdiction under the Clean Water Act is of significant interest to states, tribes, individuals, and organizations. The allegations in the fifth sentence of Paragraph 1 characterize federal regulations promulgated in 1986; Federal Defendants aver that the 1986 regulations speak for themselves, are the best evidence of their contents, and no response is required. The allegations in the sixth sentence of Paragraph 1 characterize regulations promulgated in 2015; Federal Defendants aver that the 2015 regulations speak for themselves, are the best evidence of their contents, and no response is required. Federal Defendants admit that federal courts have preliminarily enjoined the 2015 regulations in more than half the states but not in Oregon. Federal Defendants lack sufficient information regarding the impact of the 2015 regulations on Plaintiff's members and therefore deny the allegations in the eighth sentence in Paragraph 1.

2. The allegations in Paragraph 2 are conclusions of law to which no response is required.

3. The allegations in Paragraph 3 are conclusions of law to which no response is required.

4. The allegations in Paragraph 4 are conclusions of law to which no response is required.

5. The allegations in Paragraph 5 are conclusions of law to which no response is required.

6. The allegations in Paragraph 6 are conclusions of law to which no response is required.

7.    Federal Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 7, and therefore deny them.

8.    Federal Defendants admit that EPA is a federal agency of the United States, and EPA administers provisions of the Clean Water Act.

9.    Federal Defendants admit allegations in Paragraph 9.

10.    Federal Defendants admit that the Corps is a federal agency of the United States, and the Corps administers provisions of the Clean Water Act.  Federal Defendants admit that the Army, through the Corps of Engineers, jointly issued the 2015 Rule.

11.    Federal Defendants admit the allegations in Paragraph 11.

12.    The allegations in Paragraph 12 characterize the contents of identified and unidentified Supreme Court opinions; Federal Defendants aver that these documents speaks for themselves, are the best evidence of their contents, and no response is required.

13.    The allegations in Paragraph 13 characterize provisions of the Rivers and Harbors Act; Federal Defendants aver that the statute speaks for itself, is the best evidence of its contents, and no response is required.

14.    The allegations in Paragraph 14 characterize provisions of the Clean Water Act; Federal Defendants aver that the statute speaks for itself, is the best evidence of its contents, and no response is required.

15.    The allegations in Paragraph 15 characterize the provisions of the Clean Water Act; Federal Defendants aver that the statute speaks for itself, is the best evidence of its contents, and no response is required.  Any remaining allegations are conclusions of law to which no response is required.

16.    The allegations in the first sentence of Paragraph 16 characterize the Clean Water Act; Federal Defendants aver that the statute speaks for itself, is the best evidence of its contents, and no response is required.  The allegations in the second sentence of Paragraph 16 characterize the legislative history of the Clean Water Act and a Supreme Court opinion; Federal Defendants aver that the legislative history and opinion speaks for themselves, are the best evidence of their contents, and no response is required.  The remaining allegations characterize the Flood Control Act of 1936; Federal Defendants aver that the Act speaks for itself, is the best evidence of its contents, and no response is required.  Any remaining allegations consist of conclusions of law to which no response is required.

17.    The allegations in Paragraph 17 consist of conclusions of law to which no response is required, and characterization of the Clean Water Act, which speaks for itself, is the best evidence of its contents, and requires no response.

18.    The allegations in the first sentence of Paragraph 18 characterize a Federal Register Notice and two Supreme Court decisions; those documents speak for themselves, are the best evidence of their contents, and no response is required.  The allegations in the second sentence of Paragraph 18 characterize a decision of the District Court for the District of Columbia: that document speaks for itself, is the best evidence of its contents, and no response is required. The allegations in the third sentence of Paragraph 18 characterize a Supreme Court decision; that decision speaks for itself, is the best evidence of its contents, and no response is required.

19.    The allegations in the first and second sentences of Paragraph 19 characterize regulations adopted in 1975, 1977, and 1982; any such regulations speak for themselves, are the best evidence of their contents, and no response is required.  The allegations in the second

sentence of Paragraph 19 also characterize a decision of the Supreme Court; that decision speaks for itself, is the best evidence of its contents, and no response is required.

20.    The allegations in Paragraph 20 characterize a decision of the Supreme Court; that decision speaks for itself, is the best evidence of its contents, and no response is required.

21.    The allegations in Paragraph 21 characterize a federation regulation; that regulation speaks for itself, is the best evidence of its contents, and no response is required.

22.    The allegations in Paragraph 22 characterize a Federal Register Notice; Federal Defendants aver that the Notice speaks for itself, is the best evidence of its contents, and no response is required.

23.    The allegations in Paragraph 23 characterize two decisions of the Supreme Court; Federal Defendants aver that the decisions speak for themselves, are the best evidence of their contents, and no response is required.

24.    The allegations in Paragraph 24 characterize a decision of the Supreme Court; Federal Defendants aver that the decision speaks for itself, is the best evidence of its contents, and no response is required.

25.    The allegations in Paragraph 25 characterize a decision of the Supreme Court; Federal Defendants aver that the decision speaks for itself, is the best evidence of its contents, and no response is required.

26.    The allegations in Paragraph 26 characterize a decision of the Supreme Court; Federal Defendants aver that the decision speaks for itself, is the best evidence of its contents, and no response is required.

27.    The allegations in Paragraph 27 characterize a decision of the Supreme Court; Federal Defendants aver that the decision speaks for itself, is the best evidence of its contents, and no response is required.

28.    The allegations in Paragraph 28 characterize an agency guidance document; Federal Defendants aver that the guidance document speaks for itself and is the best evidence of its contents, and no response is required.

29.    The allegations in Paragraph 29 characterize an agency guidance document; Federal Defendants aver that the guidance document speaks for itself and is the best evidence of its contents, and no response is required.

30.    The allegations in the first sentence of Paragraph 30 characterize a Federal Register Notice and federal regulation; Federal Defendants aver that the Notice and regulation speak for themselves, are the best evidence of their contents, and no response is required.  The allegations in the second sentence of Paragraph 30 consist of conclusions of law to which no response is required.

31.    The allegations in Paragraph 31 characterize a federal regulation; Federal Defendants aver that the regulation speaks for itself, is the best evidence of its contents, and no response is required.

32.    The allegations in Paragraph 32 characterize a federal regulation; Federal Defendants aver that the regulation speaks for itself, is the best evidence of its contents, and no response is required.

33.    The allegations in Paragraph 33 characterize a federal regulation; Federal Defendants aver that the regulation speaks for itself, is the best evidence of its contents, and no response is required.

34.    The allegations in Paragraph 34 characterize a federal regulation; Federal Defendants aver that the regulation speaks for itself, is the best evidence of its contents, and no response is required.

35.    The allegations in Paragraph 35 characterize a federal regulation; Federal Defendants aver that the regulation speaks for itself, is the best evidence of its contents, and no response is required.

36.    Federal Defendants admit the allegations in the first sentence of Paragraph 36.  The allegations in the second sentence of Paragraph 36 characterize comments submitted in a rulemaking process; Federal Defendants aver that those any comments submitted in a rulemaking process speak for themselves, are the best evidence of their contents, and no response is required.

37.    The allegations in Paragraph 37 consist of conclusions of law to which no response is required.

38.    Federal Defendants admit the allegations contained in Paragraph 38.

39.    The allegations in Paragraph 39 characterize an order of the District Court for the District of Minnesota; Federal Defendants aver that the order speaks for itself and is the best evidence of its contents, and no response is required.

40.    The allegations in Paragraph 40 characterize Plaintiff's claims in a challenge to the 2015 in the Sixth Circuit Court of Appeals and no response is required.

41.    The allegations in the first sentence of Paragraph 41 characterize an order of the Sixth Circuit Court of Appeals; Federal Defendants aver that the order speaks for itself and is the best evidence of its contents, and no response is required.  Federal Defendants admit the allegations in the second sentence of Paragraph 41.

42.    The allegations in Paragraph 42 characterize a Supreme Court decision; Federal Defendants aver that decision speaks for itself, is the best evidence of its contents, and no response is required.

43.    The allegations in Paragraph 43 characterize an order of the Sixth Circuit Court of Appeals; Federal Defendants aver that the order speaks for itself and is the best evidence of its contents, and no response is required.

44.    Federal Defendants admit the allegations in Paragraph 44.

45.    The allegations in Paragraph 45 characterize orders of the District Courts for the Southern District of Georgia and the Southern District of Texas; Federal Defendants aver that the orders speak for themselves and are the best evidence of their contents, and no response is required.  The allegations in the footnote to Paragraph 45 characterize an order of the District Court for North Dakota; Federal Defendants aver that the order speaks for itself and is the best evidence of its contents, and no response is required.

46.    Federal Defendants admit the allegations in Paragraph 46.

47.    The allegations in Paragraph 47 characterize a Federal Register Notice and federal regulation; Federal Defendants aver that the Notice and regulation speak for themselves, are the best evidence of their contents, and no response is required.

48.    Federal Defendants admit the allegations in the first sentence of Paragraph 48.  The allegations in the second sentence of Paragraph 48 characterize orders of the District Courts for South Carolina and the Western District of Washington; Federal Defendants aver that the orders speak for themselves and are the best evidence of their contents, and no response is required. The allegations in the third sentence of Paragraph 48 characterize motions filed in the Fourth and

Ninth Circuit Courts of Appeal; Federal Defendants aver that the motions speak for themselves and are the best evidence of their contents, and no response is required.

49.    The allegations in Paragraph 49 consist of conclusions of law to which no response is required.

50.    Federal Defendants incorporate by reference their responses to each and every statement and allegation contained in Paragraphs 1 through 49 herein.

51.    The allegations in the first sentence of Paragraph 51 consist of conclusions of law to which no response is required.  The allegations in the second sentence of Paragraph 51 are Plaintiff-Intervenor's characterization of their claims, to which no response is required.  The allegations in the third sentence of Paragraph 51 characterize and quote from unspecified statements by Federal Defendants; Federal Defendants aver that any such statements speak for themselves, are the best evidence of their contents, and no response is required.

52.    The allegations in Paragraph 52 characterize Plaintiff's claims, to which no response is required.  Federal Defendants further aver that this is a case for review under the Administrative Procedure Act.

53.    The allegations in Paragraph 53 contain conclusions of law to which no response is required.  The allegations also quote from a decision of the Supreme Court; Federal Defendants aver that the decision speaks for itself, is the best evidence of its contents, and no response is required.

54.    The allegations in Paragraph 54 contain conclusions of law to which no response is required.

55.    Federal Defendants incorporate by reference their responses to each and every statement and allegation contained in Paragraphs 1 through 54 herein.

56.   The allegations in Paragraph 56 consist of conclusions of law to which no response is required.  To the extent a response could be required, Federal Defendants aver that they lack sufficient information to form a belief as to the impact of the 2015 Rule on Plaintiff's members and therefore deny the allegations.

57.   The allegations in Paragraph 57 consist of conclusions of law to which no response is required.  To the extent a response could be required, Federal Defendants aver that they lack sufficient information to form a belief as to the impact of the 2015 Rule on Plaintiff's members and therefore deny those allegations.

58.   The allegations in Paragraph 58 consist of conclusions of law to which no response is required.

59.   The allegations in Paragraph 59 consist of conclusions of law to which no response is required.

60.   The allegations in Paragraph 60 consist of conclusions of law to which no response is required.

61.   Federal Defendants incorporate by reference their responses to each and every statement and allegation contained in Paragraphs 1 through 60 herein.

62.   The allegations in Paragraph 62 characterize a provision of the Clean Water Act; Federal Defendants aver that the provision speaks for itself and is the best evidence of its contents, and no response is required.

63.   The allegations in Paragraph 63 characterize a Federal Register Notice; Federal Defendants aver that the Notice speaks for itself and is the best evidence of its contents, and no response is necessary.

64.    The allegations in Paragraph 64 characters a decision of the Supreme Court; Federal Defendants aver that the decision speaks for itself, is the best evidence of its contents, and no response is required.

65.    The allegations in Paragraph 65 consist of conclusions of law to which no response is required.

66.    Federal Defendants incorporate by reference their responses to each and every statement and allegation contained in Paragraphs 1 through 65 herein.

67.    The allegations in Paragraph 67 characters a decision of the Supreme Court; Federal Defendants aver that the decision speaks for itself, is the best evidence of its contents, and no response is required.

68.    The allegations in Paragraph 68 characterize a Federal Register Notice and regulation; Federal Defendants aver that the Notice and regulation speak for themselves, are the best evidence of their contents, and no response is required.

69.    The allegations in Paragraph 69 characterize the 2015 Rule and decisions of the Supreme Court; Federal Defendants aver that the 2015 Rule and those decisions speaks for itself, is the best evidence of its contents, and no response is required.  Any remaining allegations are conclusions of law to which no response is required.

70.    Federal Defendants incorporate by reference their responses to each and every statement and allegation contained in Paragraphs 1 through 69 herein.

71.    The allegations in Paragraph 71 characterize a Federal Register Notice and regulation; Federal Defendants aver that the Notice and regulation speak for themselves, are the best evidence of their contents, and no response is required.

72.    The allegations in Paragraph 72 characterize two decisions of the Supreme Court; Federal Defendants aver that the decisions speak for themselves and are the best evidence of their contents, and no response is required.

73.    The allegations in Paragraph 73 characterize the 2015 Rule and decisions of the Supreme Court; Federal Defendants aver that the 2015 Rule and those decisions speaks for itself, is the best evidence of its contents, and no response is required.  Any remaining allegations are conclusions of law to which no response is required.

74.    Federal Defendants incorporate by reference their responses to each and every statement and allegation contained in Paragraphs 1 through 73 herein.

75.    The allegations in Paragraph 75 characterize the 2015 Rule and decisions of the Supreme Court; Federal Defendants aver that the 2015 Rule and those decisions speaks for itself, is the best evidence of its contents, and no response is required.  Any remaining allegations are conclusions of law to which no response is required.

76.    The allegations in Paragraph 76 characters a decision of the Supreme Court; Federal Defendants aver that the decision speaks for itself, is the best evidence of its contents, and no response is required.

77.    The allegations in Paragraph 77 characterize the 2015 Rule and decisions of the Supreme Court; Federal Defendants aver that the 2015 Rule and those decisions speaks for itself, is the best evidence of its contents, and no response is required.  Any remaining allegations are conclusions of law to which no response is required.

78.    Federal Defendants incorporate by reference their responses to each and every statement and allegation contained in Paragraphs 1 through 77 herein.

79.    The allegations in Paragraph 79 characterize a provision of the Administrative Procedure Act; Federal Defendants aver that the provision speaks for itself, is the best evidence of its contents, and no response is required.

80.    The allegations in the first sentence of Paragraph 80 characterize provisions of the 2015 Rule; Federal Defendants aver that the 2015 Rule speaks for itself, is the best evidence of its contents, and no response is required.  The remaining allegations in Paragraph 80 consist of conclusions of law to which no response is required.  Any remaining allegations are denied.

81.    The allegations in the first sentence of Paragraph 81 characterize provisions of the 2015 Rule; Federal Defendants aver that the 2015 Rule speaks for itself, is the best evidence of its contents, and no response is required.  The remaining allegations in Paragraph 81 consist of conclusions of law to which no response is required.  Any remaining allegations are denied.

82.    The allegations in the first sentence of Paragraph 82 characterize provisions of the 2015 Rule; Federal Defendants aver that the 2015 Rule speaks for itself, is the best evidence of its contents, and no response is required.  The remaining allegations in Paragraph 82 consist of conclusions of law to which no response is required.  Any remaining allegations are denied.

83.    Paragraph 83 consists of conclusions of law to which no response is required.

84.    Federal Defendants incorporate by reference their responses to each and every statement and allegation contained in Paragraphs 1 through 83 herein.

85.    The allegations in Paragraph 85 characterize a decision of the Supreme Court; Federal Defendants aver that the decision speaks for itself, is the best evidence of its contents, and no response is required.

86.    The allegations in the first sentence of Paragraph 86 consist of conclusions of law to which no response is required.  The allegations in the second sentence of Paragraph 86

characterize a provision of the United States Constitution; Federal Defendants aver that the provision speaks for itself, is the best evidence of its contents, and no response is required. The allegations in the third sentence of Paragraph 86 characterize and quote from a provision in the Clean Water Act; Federal Defendants aver that the provision speaks for itself, is the best evidence of its contents, and no response is required. The allegations in the fourth sentence in Paragraph 86 consists of conclusions of law to which no response is required.

87.    The allegations in Paragraph 87 consist of conclusions of law to which no response is required.

88.    Federal Defendants incorporate by reference their responses to each and every statement and allegation contained in Paragraphs 1 through 87 herein.

89.    The allegations in Paragraph 89 characterize the 2015 Rule and decisions of the Supreme Court; Federal Defendants aver that the 2015 Rule and those decisions speaks for itself, is the best evidence of its contents, and no response is required. Any remaining allegations are conclusions of law to which no response is required.

90.    The allegations in Paragraph 90 consist of conclusions of law to which no response is required.

91.    Federal Defendants incorporate by reference their responses to each and every statement and allegation contained in Paragraphs 1 through 90 herein.

92.    The allegations in Paragraph 92 characterize a provision of the Clean Water Act; Federal Defendants aver that the provision speaks for itself and is the best evidence of its contents, and no response is required.

93.    The allegations in Paragraph 93 characterize decisions of the Supreme Court; Federal Defendants aver that those decisions speaks for itself, is the best evidence of its contents, and no response is required.

94.    The allegations in Paragraph 94 characterize the Clean Water Act; Federal Defendants aver that the Act speaks for itself and is the best evidence of its contents, and no response is required.

95.    The allegations in Paragraph 95 consist of conclusions of law to which no response is required.

96.    The allegations in Paragraph 95 consist of conclusions of law to which no response is required.

The allegations following Paragraph 96 constitute a Prayer for Relief to which no response is required.

## **GENERAL DENIAL**

To the extent that any factual allegation in the Complaint has not been admitted or specifically responded to, Federal Defendants deny such allegation.

Federal Defendants reserve the right to raise any defense - including, but not limited to, those expressly found in Federal Rules of Civil Procedure 8(c) and 12 - that may be supported by the record in the instant action.

Dated:  June 24, 2019                    Respectfully submitted,

                                        */s/ Andrew J. Doyle*
                                        ANDREW J. DOYLE
                                        United States Department of Justice
                                        Environmental Defense Section
                                        P.O. Box 7611
                                        Washington, DC 20044

T: (202) 514-4427
andrew.doyle@usdoj.gov

*Counsel for Federal Defendants*