JAMES NEVILLE SAUL (OSB #152809)   THE HONORABLE JOHN V. ACOSTA
jsaul@lclark.edu
Earthrise Law Center
Lewis & Clark Law School
10015 S.W. Terwilliger Boulevard
Portland, OR 97219
(503) 768-6929 | Phone
(503) 768-6642 | Fax

JANETTE K. BRIMMER (WSB #41271)
jbrimmer@earthjustice.org
*[Appearing Pro Hac Vice]*
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA 98104
(206) 343-7340 | Phone
(206) 343-1526 | Fax

JENNIFER C. CHAVEZ (DCB #493421)
jchavez@earthjustice.org
*[Appearing Pro Hac Vice]*
Earthjustice
1625 Massachusetts Avenue NW, Suite 702
Washington, D.C. 20036
(202) 667-4500 | Phone
(202) 667-2356   Fax

*Attorneys for [Proposed] Defendant-Intervenor*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

OREGON CATTLEMEN'S ASSOCIATION,

|  |  |
|---|---|
| Plaintiff, | Case No. 3:19-cv-00564-AC |
| v. |  |
|  | PROPOSED ANSWER OF PROPOSED DEFENDANT-INTERVENOR |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; ANDREW WHEELER, in his official capacity as Administrator of the Environmental Protection Agency; UNITED STATES ARMY CORPS OF ENGINEERS, and R.D. JAMES, in his official capacity as Assistant Secretary for Civil Works, Department of the Army, |  |
| Defendants. |  |

Pursuant to Federal Rule of Civil Procedure 8, the Columbia Riverkeeper respectfully submits this Answer to the Plaintiff's Complaint in the above-captioned action. Dkt. # 1.

The headings and subheadings in the Complaint do not contain allegations that require a response. To the extent a response is required, the Columbia Riverkeeper denies the allegations contained in the headings and subheadings.

## INTRODUCTION

1. The first sentence of Paragraph 1 characterizes the contents of the Complaint, which is the best evidence of its contents. Any allegations contrary to the Complaint's plain language and meaning are denied. The second, third, and fourth sentences of Paragraph 1 characterize provisions of the Clean Water Act, which is the best evidence of its contents. Any allegations contrary to the Clean Water Act's plain language and meaning are denied. Columbia Riverkeeper admits that the Environmental Protection Agency ("EPA") and Army Corps of Engineers ("Corps") adopted joint regulations in 1986, and that EPA and the Corps replaced the 1986 regulations with a new regulation in 2015. To the extent the fifth and sixth sentences of

Paragraph 1 characterize provisions of federal regulations for implementing the Clean Water Act, the regulations are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied. Columbia Riverkeeper admits the allegations in the seventh sentence of Paragraph 1. Columbia Riverkeeper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the eighth sentence of Paragraph 1, and therefore denies those allegations. The ninth and tenth sentences of Paragraph 1 characterize the contents of the Complaint, which is the best evidence of its contents. Any allegations contrary to the Complaint's plain language and meaning are denied.

## JURISDICTION AND VENUE

2. Paragraph 2 contains conclusions of law to which no response is required.

3. Paragraph 3 contains conclusions of law to which no response is required.

4. Paragraph 4 contains conclusions of law to which no response is required.

5. Paragraph 5 contains conclusions of law to which no response is required.

6. Paragraph 6 contains conclusions of law to which no response is required, but to the extent that sentence is deemed to contain factual allegations Columbia Riverkeeper denies those allegations.

## PARTIES

7. Columbia Riverkeeper lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and therefore denies those allegations.

8. Paragraph 8 contains conclusions of law to which no response is required. Columbia Riverkeeper admits that the EPA is a cabinet agency.

9. Columbia Riverkeeper admits that Andrew Wheeler is the Administrator of the EPA and that his predecessor Gina McCarthy signed the "Clean Water Rule: Definition of 'Waters of the United States'" ("2015 Clean Water Rule") on behalf of EPA on June 29, 2015.

10. Paragraph 10 contains conclusions of law to which no response is required. Columbia Riverkeeper admits that the Army Corps of Engineers is a branch of the Department of the Army and further admits that the Army Corps of Engineers jointly issued the regulations challenged in this action.

11. Columbia Riverkeeper admits that R.D. James is the Assistant Secretary of the Army for Civil Works and that his predecessor Jo-Ellen Darcy signed the 2015 Clean Water Rule on behalf of the Army on June 29, 2015.

## LEGAL BACKGROUND

12. Paragraph 12 contains conclusions of law to which no response is required. The third sentence of Paragraph 12 contains a quotation from a published court decision. That court decision speaks for itself and is the best evidence of its contents, and therefore the excerpted quotation in the third sentence of Paragraph 12 requires no response.

13. Paragraph 13 characterizes provisions of the Rivers and Harbors Act, which is the best evidence of its contents. Any allegations contrary to the Rivers and Harbors Act's plain language and meaning are denied.

14. Paragraph 14 characterizes provisions of the Clean Water Act, which is the best evidence of its contents. Any allegations contrary to the Clean Water Act's plain language and meaning are denied.

15. Paragraph 15 characterizes provisions of the Rivers and Harbors Act and the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to these statutes' plain language and meaning are denied.

16. Paragraph 16 characterizes provisions of the Clean Water Act and the Flood Control Act of 1936, which are the best evidence of their contents. Any allegations contrary to these statutes' plain language and meaning are denied. The remainder of paragraph 16 contains citations to a legislative history and a published court decision, which are the best evidence of their contents. Any allegations contrary to the legislative history and published court decision's plain language and meaning are denied.

17. Paragraph 17 characterizes provisions of the Clean Water Act, which is the best evidence of its contents. Any allegations contrary to the Clean Water Act's plain language and meaning are denied.

18. Paragraph 18 characterizes published court decisions, which are the best evidence of their contents. Any allegations contrary to the court decisions' plain language and meaning are denied.

19. Paragraph 19 characterizes provisions of federal regulations for implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

20. Paragraph 20 characterizes a published court decision, which is the best evidence of its contents. Any allegations contrary to the plain language and meaning are denied.

21. Paragraph 21 characterizes provisions of federal regulations for implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

22. Paragraph 22 characterizes provisions of federal regulations implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

23. Paragraph 23 characterizes a published court decision, which is the best evidence of its contents. Any allegations contrary to the court decision's plain language and meaning are denied.

24. Paragraph 24 characterizes a published court decision, which is the best evidence of its contents. Any allegations contrary to the court decision's plain language and meaning are denied.

25. Paragraph 25 characterizes a published court decision, which is the best evidence of its contents. Any allegations contrary to the court decision's plain language and meaning are denied.

26. Paragraph 26 characterizes a published court decision, which is the best evidence of its contents. Any allegations contrary to the court decision's plain language and meaning are denied.

27. Paragraph 27 characterizes a published court decision, which is the best evidence of its contents. Any allegations contrary to the court decision's plain language and meaning are denied.

28. Paragraph 28 characterizes federal agency guidance under the Clean Water Act, which is the best evidence of its contents. Any allegations contrary to the guidance's plain language and meaning are denied.

29. Paragraph 29 characterizes federal agency guidance under the Clean Water Act, which is the best evidence of its contents. Any allegations contrary to the guidance's plain language and meaning are denied.

30. Paragraph 30 characterizes provisions of federal regulations implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

31. Paragraph 31 characterizes provisions of federal regulations implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

32. Paragraph 32 characterizes a provision of federal regulations implementing the Clean Water Act, which is the best evidence of its contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

33. Paragraph 33 characterizes a provision of federal regulations implementing the Clean Water Act, which is the best evidence of its contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

34. Paragraph 34 characterizes a provision of federal regulations implementing the Clean Water Act, which is the best evidence of its contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

35. Paragraph 35 characterizes a provision of federal regulations implementing the Clean Water Act, which is the best evidence of its contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

36. Paragraph 36 characterizes a comment letter submitted by Plaintiff, which is the best evidence of its contents. Any allegations contrary to the comment letter's plain language

and meaning are denied. Columbia Riverkeeper admits Plaintiff submitted substantive comments to EPA and the Corps during the public comment period for the 2015 Clean Water Rule.

37. Paragraph 37 contains conclusions of law to which no response is required.

38. Columbia Riverkeeper denies that Plaintiff previously filed suit to challenge the 2015 Clean Water Rule in the U.S. District Court for the District of Minnesota on July 15, 2015, case number 0:15-cv-03058-DWF-LIB. Columbia Riverkeeper avers that Oregon Cattlemen's Association is listed as a plaintiff in an Amended Complaint filed on August 5, 2015 in that lawsuit.

39. Paragraph 39 characterizes a published court decision, which is the best evidence of its contents. Any allegations contrary to the plain language and meaning are denied. Columbia Riverkeeper admits that the District Court for the District of Minnesota dismissed a complaint captioned *Washington Cattlemen's Association v. EPA*, case no. 0:15-cv-03058-DWF-LIB, on November 8, 2016, without prejudice.

40. Columbia Riverkeeper admits that Plaintiff filed a petition against the 2015 Clean Water Rule in the Sixth Circuit at Petition No. 15-4188. The remainder of Paragraph 40 contains vague and ambiguous allegations regarding the 2015 rule defining the term "waters of the United States," and therefore requires no response.

41. Columbia Riverkeeper denies that on October 9, 2019 the Sixth Circuit stayed the 2015 Clean Water Rule. Columbia Riverkeeper avers that the Sixth Circuit stayed the 2015 Clean Water Rule on October 9, 2015. Columbia Riverkeeper admits that the 2015 Clean Water Rule was the rule in effect in Oregon between August 28, 2015, the rule's effective date, and October 9, 2015, the date on which the Sixth Circuit stayed the rule, but to the extent this

...
...
.

paragraph refers to the legal status quo in Oregon, the characterization is a vague allegation to which no response is required.

42. Paragraph 42 characterizes a published court decision, which is the best evidence of its contents. Any allegations contrary to the court decision's plain language and meaning are denied.

43. Columbia Riverkeeper admits that the Sixth Circuit dissolved its nationwide stay and dismissed Plaintiff's petition challenging the 2015 Clean Water Rule on February 28, 2018.

44. Columbia Riverkeeper admits that following the Supreme Court's decision in *National Association of Manufacturers*, litigation has resumed against the 2015 Clean Water Rule in multiple district courts across the country.

45. Paragraph 45 characterizes two published court decisions, which are the best evidence of their contents. Any allegations contrary to the court decisions' plain language and meaning are denied.

46. Columbia Riverkeeper admits that no court has enjoined the 2015 Clean Water Rule in the state of Oregon.

47. Paragraph 47 characterizes a provision of federal regulations implementing the Clean Water Act, which is the best evidence of its contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

48. Columbia Riverkeeper admits that multiple groups of litigants filed suit against the Applicability Date Rule. The second sentence of Paragraph 48 characterizes two published court decisions, which are the best evidence of their contents. Any allegations contrary to the court decisions' plain language and meaning are denied. Columbia Riverkeeper admits that the EPA and the Corps abandoned their appeals from those orders.

49. Columbia Riverkeeper lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint, and therefore denies those allegations.

50. Columbia Riverkeeper incorporates by reference the above responses to Paragraphs 1-49.

51. Paragraph 51 contains vague and ambiguous allegations regarding the 2015 Clean Water Rule, and therefore requires no response. To the extent Paragraph 51 contains conclusions of law, no response is required.

52. Paragraph 52 characterizes the contents of the Complaint, which is the best evidence of its contents. Any allegations contrary to the Complaint's plain language and meaning are denied. To the extent Paragraph 52 is deemed to contain conclusions of law, no response is required.

53. Columbia Riverkeeper lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint, and therefore denies those allegations. To the extent Paragraph 53 is deemed to contain conclusions of law, no response is required.

54. Paragraph 54 contains conclusions of law to which no response is required.

55. Columbia Riverkeeper incorporates by reference the above responses to Paragraphs 1-54.

56. Paragraph 56 contains vague and ambiguous allegations regarding the impacts of the 2015 Clean Water Rule, and therefore requires no response. To the extent they are inconsistent with the Rule or the relevant law, Columbia Riverkeeper denies the allegations in Paragraph 56. To the extent Paragraph 56 characterizes the 2015 Clean Water Rule, the Rule is

the best evidence of its contents. Any allegations contrary to the Rule's plain language and meaning are denied.

57. Columbia Riverkeeper lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint, and therefore denies those allegations.

58. Columbia Riverkeeper lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint, and therefore denies those allegations.

59. Paragraph 59 contains conclusions of law to which no response is required.

60. Paragraph 60 contains conclusions of law to which no response is required.

## FIRST CLAIM FOR RELIEF

61. Columbia Riverkeeper incorporates by reference the above responses to Paragraphs 1-60.

62. Paragraph 62 characterizes the Clean Water Act, which is the best evidence of its contents. Any allegations contrary to the Clean Water Act's plain language and meaning are denied.

63. Paragraph 63 characterizes the 2015 Clean Water Rule, which is the best evidence of its contents. Any allegations contrary to the Rule's plain language and meaning are denied.

64. Paragraph 64 characterizes a published court decision, which is the best evidence of its contents. Any allegations contrary to the court decision's plain language and meaning are denied.

65. Paragraph 65 contains conclusions of law to which no response is required.

## SECOND CLAIM FOR RELIEF

66. Columbia Riverkeeper incorporates by reference the above responses to Paragraphs 1-65.

67. Paragraph 67 contains conclusions of law to which no response is required. To the extent Paragraph 67 characterizes a published court decision, it is the best evidence of its contents. Any allegations contrary to the court decision's plain language and meaning are denied.

68. Paragraph 68 characterizes the 2015 Clean Water Rule, which is the best evidence of its contents. Any allegations contrary to the Rule's plain language and meaning are denied.

69. Paragraph 69 contains conclusions of law to which no response is required.

### THIRD CLAIM FOR RELIEF

70. Columbia Riverkeeper incorporates by reference the above responses to Paragraphs 1-69.

71. Paragraph 71 characterizes the 2015 Clean Water Rule, which is the best evidence of its contents. Any allegations contrary to the Rule's plain language and meaning are denied.

72. Paragraph 72 contains conclusions of law to which no response is required. To the extent Paragraph 72 characterizes a published court decision, it is the best evidence of its contents. Any allegations contrary to the court decision's plain language and meaning are denied.

73. Paragraph 73 contains conclusions of law to which no response is required.

### FOURTH CLAIM FOR RELIEF

74. Columbia Riverkeeper incorporates by reference the above responses to Paragraphs 1-73.

...

75. Paragraph 75 characterizes the 2015 Clean Water Rule, which is the best evidence of its contents. Any allegations contrary to the Rule's plain language and meaning are denied.

76. Paragraph 76 contains conclusions of law to which no response is required. To the extent Paragraph 76 characterizes a published court decision, it is the best evidence of its contents. Any allegations contrary to the court decision's plain language and meaning are denied.

77. Paragraph 77 contains conclusions of law to which no response is required.

## FIFTH CLAIM FOR RELIEF

78. Columbia Riverkeeper incorporates by reference the above responses to Paragraphs 1-77.

79. Paragraph 79 contains conclusions of law to which no response is required.

80. Paragraph 80 characterizes the 2015 Clean Water Rule, which is the best evidence of its contents. Any allegations contrary to the Rule's plain language and meaning are denied.

81. Paragraph 81 characterizes the 2015 Clean Water Rule, which is the best evidence of its contents. Any allegations contrary to the Rule's plain language and meaning are denied.

82. Paragraph 82 characterizes the 2015 Clean Water Rule, which is the best evidence of its contents. Any allegations contrary to the Rule's plain language and meaning are denied.

83. Paragraph 83 contains conclusions of law to which no response is required.

## SIXTH CLAIM FOR RELIEF

84. Columbia Riverkeeper incorporates by reference the above responses to Paragraphs 1-83.

85. Paragraph 85 characterizes a published court decision, which is the best evidence of its contents. Any allegations contrary to the court decision's plain language and meaning are denied.

86. Paragraph 86 characterizes the 2015 Clean Water Rule and the Constitution, which are the best evidence of their contents. Any allegations contrary to the Rule's plain language and meaning are denied.

87. Paragraph 87 contains conclusions of law to which no response is required.

## SEVENTH CLAIM FOR RELIEF

88. Columbia Riverkeeper incorporates by reference the above responses to Paragraphs 1-87.

89. Paragraph 89 characterizes two published court decisions, which are the best evidence of their contents. Any allegations contrary to the court decisions' plain language and meaning are denied.

90. Paragraph 90 contains conclusions of law to which no response is required.

## EIGHTH CLAIM FOR RELIEF

91. Columbia Riverkeeper incorporates by reference the above responses to Paragraphs 1-90.

92. Paragraph 92 characterizes the Clean Water Act, which is the best evidence of its contents. Any allegations contrary to the Clean Water Act's plain language and meaning are denied.

93. Paragraph 93 characterizes two published court decisions, which are the best evidence of their contents. Any allegations contrary to the court decisions' plain language and meaning are denied.

94. Paragraph 94 characterizes the Clean Water Act, which is the best evidence of its contents. Any allegations contrary to the Clean Water Act plain language and meaning are denied.

95. Paragraph 95 contains conclusions of law to which no response is required.

96. Paragraph 96 contains conclusions of law to which no response is required.

## PRAYER FOR RELIEF

1. The remainder of plaintiff's Complaint constitutes its requests for relief to which no response is required. Columbia Riverkeeper avers that plaintiff is not entitled to relief on its claims for relief, and the Court should dismiss those claims with prejudice.

## GENERAL DENIAL

To the extent that any factual allegation in the Complaint has not been admitted or specifically responded to above, Columbia Riverkeeper denies such allegation.

## DEFENSES

1. The Court lacks jurisdiction over some or all of Plaintiff's claims.

2. Plaintiff has failed to state a claim for which relief can be granted with respect to one or more of the claims set forth in the Complaint.

3. Plaintiff lacks standing with respect to one or more of the claims set forth in the Complaint.

4. One or more of the claims set forth in the Complaint is not ripe for adjudication.

5. Columbia Riverkeeper reserves the right to raise any defense, including, but not limited to, those expressly found in Federal Rules of Civil Procedure 8(c) and 12, that may be supported by the record in this action.

Respectfully submitted this 25th day of June, 2019.

/s/ Janette K. Brimmer
JANETTE K. BRIMMER (WSB # 41271)
(*Pro Hac Vice pending*)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA 98104
(206) 343-7340 (phone)
(206) 343-1526 (fax)
jbrimmer@earthjustice.org

/s/ Jennifer C. Chavez
JENNIFER C. CHAVEZ (DCB # 493421)
(*Pro Hac Vice pending*)
Earthjustice
1625 Massachusetts Ave., NW, Ste. 702
Washington, DC 20036-2243
(202) 667-4500 | Phone
(202) 667-2356 | Fax
jchavez@earthjustice.org

/s/ James Neville Saul
JAMES NEVILLE SAUL (OSB #152809)
Earthrise Law Center
Lewis & Clark Law School
10015 S.W. Terwilliger Boulevard
Portland, OR 97219
(503) 768-6929 | Phone
(503) 768-6642 | Fax
jsaul@lclark.edu

*Attorneys for [Proposed] Defendant-Intervenor*

## CERTIFICATE OF SERVICE

    I hereby certify that on June 25, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.

/s/ *Janette K. Brimmer*
Janette K. Brimmer