HUBERT T. LEE
NY Bar No. 4992145
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
150 M St. NE, Rm 4.1116
Washington, DC 20002
(202) 514-1806 (phone); (202) 514-8865 (fax)
Hubert.lee@usdoj.gov

SONYA J. SHEA
Cal. Bar No. 305917
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
(303) 844-7231 (phone); (303) 844-1350 (fax)
sonya.shea@usdoj.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| OREGON CATTLEMEN'S ASSOCIATION,<br><br>               Plaintiff,<br><br>    v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>               Defendants. | No. 3:19-cv-00564-AC<br><br>**STIPULATED MOTION TO FURTHER EXTEND STAY; [PROPOSED] ORDER** |

Defendants United States Environmental Protection Agency ("EPA"), EPA Administrator Michael Regan, United States Army Corps of Engineers, and Acting Assistant Secretary of the Army for Civil Works, Jaime Pinkham ("Defendants" or "Agencies");[1] Plaintiff Oregon Cattlemen's Association, and Defendant-Intervenor Columbia Riverkeeper (collectively, the Parties), hereby stipulate to and jointly move to further extend the stay of this proceeding until October 1, 2021. The Parties have good cause for this request:

1. In this proceeding, Plaintiff is challenging two rules promulgated by the Agencies that define the phrase "waters of the United States" in Section 1362(7) of the Clean Water Act: "The Navigable Waters Protection Rule: Definition of 'Waters of the United States,'" 85 Fed. Reg. 22,250 (Apr. 21, 2020) ("NWPR"), and "Clean Water Rule: Definition of 'Waters of the United States,'" 80 Fed. Reg. 37,054 (June 29, 2015) ("2015 Rule").

2. Plaintiff initiated this lawsuit on April 16, 2019, first challenging the 2015 Rule only. Dkt. No. 1.

3. On May 1, 2020, Plaintiff was granted leave to supplement its complaint, adding challenges to portions of the NWPR. Dkt. Nos. 89, 90.

4. On May 6, 2020, Columbia Riverkeeper was granted the right to intervene in this proceeding. Dkt. No. 93.

5. Also on May 6, 2020, the Court agreed to stay Plaintiff's claims against the 2015 Rule until either after the Court resolved Plaintiff's claims against the NWPR on the merits "or until another federal court enters an order with the effect of reinstating the 2015 regulations in Oregon." Dkt. No. 93.

---

[1] EPA Administrator Michael Regan and Acting Assistant Secretary of the Army for Civil Works Jaime Pinkham are automatically substituted for their predecessors in office pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

6.     On June 8, 2020, Plaintiff filed a motion to preliminarily enjoin the portions of the NPWR it is challenging as unlawful. Dkt. No. 97. After Plaintiff's motion was fully briefed, the Court on August 6, 2020 held an oral hearing on the motion for preliminary injunction. Dkt. No. 108. At the hearing, the parties agree that Court denied Plaintiff's motion for preliminary injunction and dismissed without prejudice Plaintiff's claims against the NWPR for lack of standing. *Id.*; *see also* Dkt. No. 110 at pp. 30-31. Intervenor-Defendant maintains that all other claims were also dismissed without prejudice due to lack of standing. Plaintiff's position is that the court only dismissed Plaintiff's claims against the NWPR. The Agencies agree that at a minimum, Plaintiff's claims against the NWPR were dismissed without prejudice.

7.     There are no other outstanding motions or deadlines before the Court in this matter.

8.     On January 20, 2021, President Biden issued an Executive Order entitled "Executive Order on Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis." 86 Fed. Reg. 7037 (Jan. 25, 2021) ("EO 13990"). In conformance with the Executive Order, the Agencies began reviewing a number of regulations promulgated in the last four years, including the NWPR at issue in this case.

9.     On February 2, 2021, the Court held a telephonic status conference, where the Court concluded by staying this proceeding until June 2, 2021. Dkt. No. 113. The Court instructed Plaintiff to file "Status Reports no later than 3/1/2021 and 5/28/2021." *Id.*

10.    On February 26, 2021, Plaintiff filed its first status report. Dkt. No. 114. Plaintiff's status report noted that the NWPR may be subject to review by the Agencies in accordance with EO 13990. Dkt. No. 114.

11.    On May 26, 2021, the Parties filed a status report and a stipulated motion to continue the stay until July 1, 2021. Dkt. No. 115. The Agencies noted that "Agency officials are currently reviewing the NWPR to determine whether the rule should be maintained, modified, or otherwise reconsidered. The Agencies are expecting to complete their review of the NWPR and

announce next steps by June 9, 2021." *Id.* That same day, the Court granted the stipulated motion to continue this proceeding until July 1, 2021. Dkt. No. 116.

12. On June 9, 2021, the Agencies issued a press release stating that, after reviewing the NWPR, they have decided to initiate new rulemaking to revise the definition of "waters of the United States." *See* https://www.epa.gov/newsreleases/epa-army-announce-intent-revise-definition-wotus (last accessed June 25, 2021).

13. In light of this new rulemaking, the Parties all agree that the stay in the proceeding should be extended another three months, until October 1, 2021, when the Parties can then reassess how this litigation should proceed. By October 1, 2021, the Parties will file a joint status report and proposal(s) to further govern proceedings. Granting this motion will not prejudice any party and would promote judicial economy.

14. To be sure, the Agencies have filed motions to remand the NWPR without vacatur in a number of other proceedings where the NWPR is being challenged. *See Conservation Law Foundation v. EPA*, 20-cv-10820-DPW (D. Mass.) at Dkt. No. 113 (June 9, 2021); *South Carolina Coastal Conservation League, et al. v. Regan, et al.*, 2:20-cv-01687-BHH (D.S.C.) at Dkt. No. 140 (June 21, 2021); *Waterkeeper Alliance, Inc., et al. v. Regan, et al.*, 3:18-cv-03521-RS (N.D. Cal.) at Dkt. No. 111 (June 22, 2021); *Navajo Nation v. Regan, et al.*, 2:20-cv-00602-MV-GJF (D.N.M.) at Dkt. No. 32 (June 22, 2021). Notwithstanding these filings, the Parties here agree that it would be appropriate to further hold this litigation in abeyance for now. The Agencies may decide to file a similar motion to remand the NWPR in this proceeding at a later date.

15. The Parties have met and conferred regarding this stipulated motion. Accordingly, the Parties request to stay this proceeding until October 1, 2021. This stipulated motion is

without prejudice to the right of any party to seek a further stay at the end of the abeyance period. The Parties retain the right to move this Court to lift the stay prior to the end of the abeyance period if circumstances warrant resuming litigation.

For the foregoing reasons, the Parties respectfully request that the Court stay this proceeding until October 1, 2021. The Parties will file a joint status report and proposal(s) to further govern proceedings by no later than October 1, 2021.

Respectfully submitted this 1st day of July, 2021.

/s/ *Hubert T. Lee*
HUBERT T. LEE
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
150 M St. NE, Rm 4.1116
Washington, DC 20002
(202) 514-1806 (phone); (202) 514-8865 (fax)
Hubert.lee@usdoj.gov

Attorney for Defendants

*/s/  (by permission)*
JANETTE K. BRIMMER, Attorney
Earthjustice Northwest Office
705 2nd Ave., Suite 203
Seattle, WA 98104
206-343-7340
jbrimmer@earthjustie.org

Attorney for Defendant-Intervenor

*/s/  (by permission)*
ANTHONY L. FRANCOIS, Senior Attorney
Pacific Legal Foundation
930 G. Street
Sacramento, CA 95814
916-419-7111
TFrancois@pacificlegal.org

Attorney for Plaintiff

## [PROPOSED] ORDER

Based upon the foregoing, and good cause appearing, the Parties' Stipulated Motion to continue the stay in this proceeding is granted.

It is ORDERED that the above-captioned proceeding be stayed until October 1, 2021.

It is further ORDERED that the Parties file a joint status report and proposal(s) to further govern proceedings by no later than October 1, 2021.

**IT IS SO ORDERED.**

Dated:

_____

Hon. John V. Acosta, Magistrate Judge

*Stip. Motion to extend stay;*
*proposed order*                                              6

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing filing was electronically filed with the Clerk of the Court on July 1, 2021, using the CM/ECF system, which will send notification of said filing to the attorneys of record.

                                        /s/ *Hubert T. Lee*