HUBERT T. LEE
NY Bar No. 4992145
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
150 M St. NE, Rm 4.1116
Washington, DC 20002
(202) 514-1806 (phone); (202) 514-8865 (fax)
Hubert.lee@usdoj.gov

SONYA J. SHEA
Cal. Bar No. 305917
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
(303) 844-7231 (phone); (303) 844-1350 (fax)
sonya.shea@usdoj.gov

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| OREGON CATTLEMEN'S ASSOCIATION,<br><br>            Plaintiff,<br><br>            v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>            Defendants. | No. 3:19-cv-00564-AC<br><br>**AGENCIES' STATUS REPORT** |

Pursuant to this Court's March 25, 2022 Order (Dkt. No. 127), Defendants United States Environmental Protection Agency ("EPA"), EPA Administrator Michael Regan, United States Army Corps of Engineers, and Acting Assistant Secretary of the Army for Civil Works, Jaime Pinkham ("Defendants" or "Agencies")[1] submit the following status report:

1. In this proceeding, Plaintiff is challenging two rules promulgated by the Agencies that define the phrase "waters of the United States" in Section 1362(7) of the Clean Water Act: "The Navigable Waters Protection Rule: Definition of 'Waters of the United States,'" 85 Fed. Reg. 22,250 (Apr. 21, 2020) ("2020 Rule"), and "Clean Water Rule: Definition of 'Waters of the United States,'" 80 Fed. Reg. 37,054 (June 29, 2015) ("2015 Rule").

2. Plaintiff initiated this lawsuit on April 16, 2019, first challenging the 2015 Rule only. Dkt. No. 1.

3. On May 1, 2020, Plaintiff was granted leave to supplement its complaint, adding challenges to portions of the 2020 Rule. Dkt. Nos. 89, 90.

4. On May 6, 2020, Columbia Riverkeeper was granted the right to intervene in this proceeding. Dkt. No. 93.

5. Also on May 6, 2020, the Court agreed to stay Plaintiff's claims against the 2015 Rule until either after the Court resolved Plaintiff's claims against the 2020 Rule on the merits "or until another federal court enters an order with the effect of reinstating the 2015 regulations in Oregon." Dkt. No. 93.

---

[1] EPA Administrator Michael Regan and Acting Assistant Secretary of the Army for Civil Works Jaime Pinkham are automatically substituted for their predecessors in office pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

*Agencies Status Report*

2

6. On June 8, 2020, Plaintiff filed a motion to preliminarily enjoin the portions of the NPWR it is challenging as unlawful. Dkt. No. 97. After Plaintiff's motion was fully briefed, the Court on August 6, 2020 held an oral hearing on the motion for preliminary injunction. Dkt. No. 108. At the hearing, the parties agreed that the Court denied Plaintiff's motion for preliminary injunction and dismissed without prejudice Plaintiff's claims against the 2020 Rule for lack of standing. *Id.*; *see also* Dkt. No. 110 at pp. 30-31. Intervenor-Defendant maintains that all other claims were also dismissed without prejudice due to lack of standing. Plaintiff's position is that the court only dismissed Plaintiff's claims against the 2020 Rule. The Agencies agree that at a minimum, Plaintiff's claims against the 2020 Rule were dismissed without prejudice.

7. On February 2, 2021, the Court held a telephonic status conference, where the Court ordered the proceeding stayed. Dkt. No. 113. Since then, the Court has kept the proceeding in abeyance. Unless extended, the stay expires when either the Agencies' issue a final rule regarding the definition of "waters of the United States" within the meaning of the Clean Water Act, 33 U.S.C. § 1362(7), or the Agencies determine that they will no longer proceed with the rulemaking, whichever comes first. Dkt. No. 127 at 9.

8. There are no other outstanding motions or deadlines before the Court in this matter.

9. Following the Agencies' review of the NWPR pursuant to Executive Order 13990, the Agencies moved to remand the NWPR in numerous courts where litigation challenging the rule was pending. Although the Agencies asked for remand without vacatur of the NWPR, two courts remanded the rule with vacatur. *See Pascua Yaqui Tribe v. EPA*, 557 F. Supp. 3d 949, 956-57 (D. Ariz. 2021), *appeal dismissed sub nom. Pasqua Yaqui Tribe v. EPA*,

No. 21-16791, 2022 WL 1259088 (9th Cir. Feb. 3, 2022); *Navajo Nation v. Regan*, No. 2:20-cv-602, 2021 WL 4430466, at *5 (D.N.M. Sept. 27, 2021).[2]

10. As a result of those orders, "the agencies have halted implementation of the Navigable Waters Protection Rule ('NWPR') nationwide and are interpreting 'waters of the United States' consistent with the pre-2015 regulatory regime until further notice." *See* U.S. EPA, Current Implementation of Waters of the United States, https://www.epa.gov/wotus/current-implementation-waters-united-states (last visited Sept. 19, 2022).

11. The remaining cases challenging the NWPR, as well as cases challenging the 2019 Rule, have been held in abeyance.[3]

---

[2] Other district courts have remanded the 2020 Rule either without vacatur or without addressing vacatur. *See, e.g.*, Order at 4, *Pueblo of Laguna v. Regan*, No. 1:21-cv-00277 (D.N.M. Sept. 21, 2021), Dkt. No. 40 (declining to reach issue of vacatur in light of the *Pascua* decision); Order, *California v. Regan*, No. 3:20-cv-03005 (N.D. Cal. Sept. 16, 2021), Dkt. No. 271 (same); Order at 1, *Waterkeeper All. v. Regan*, No. 3:18-cv-03521 (N.D. Cal. Sept. 16, 2021), Dkt. No. 125 (same); Order at 2, *Conservation L. Found. v. EPA*, No. 1:20-cv-10820, (D. Mass. Sept. 1, 2021), Dkt. No. 122 (same); Order, *S.C. Coastal Conservation League v. Regan*, No. 2:20-cv-01687 (D.S.C. July 15, 2021), Dkt. No. 147 (remanding without vacating); Order, *Murray v. Regan*, No. 1:19-cv- 01498 (N.D.N.Y. Sept. 7, 2021), Dkt. No. 46 (same).

[3] *See* Order, *Env't Integrity Project v. Regan*, No. 1:20-cv-01734 (D.D.C. Apr. 15, 2022), Dkt. No. 40 (continuing abeyance pending issuance of a final rule regarding the definition of "waters of the United States" or a determination that the Agencies will no longer proceed with rulemaking); Order, *Chesapeake Bay Found., Inc. v. Wheeler*, No. 20-cv-1063 (D. Md. Nov. 29, 2021), Dkt. No. 63 (same); Order at 2, *N.M. Cattle Growers' Ass'n v. EPA*, No. 1:19-cv-00988 (D.N.M. Mar. 29, 2022), Dkt. No. 75 (same); Order, *Colorado v. EPA*, No. 1:20-cv-01461(D. Colo. Jan. 18, 2022), Dkt. No. 118 (same); Order at 2, *Puget Soundkeeper All. v. EPA*, No. 2:20-cv-00950 (W.D. Wash. Sept. 2, 2022), Dkt. No. 58 (continuing stay until January 20, 2023); Order at 2, *Wash. Cattlemen's Ass'n v. EPA*, No. 2:19-cv-00569 (W.D. Wash. Aug. 31, 2022), Dkt. No. 113 (same); *see also* Order at 3, *Pasqua Yaqui Tribe v. EPA*, No. 4:20-cv-00266 (D. Ariz. Dec. 6, 2021), Dkt. No. 116 (staying challenge to 2019 Rule until the Agencies publish a final rule defining "waters of the United States" or decide not to do so); Order at 1, *Navajo Nation v. Regan*, No. 2:20-cv-00602 (D.N.M. Oct. 28, 2021), Dkt. No. 45 (same).

12.     On December 7, 2021, the Agencies issued a proposed rule entitled "Revised Definition of 'Waters of the United States.'" 86 Fed. Reg. 69,372 (Dec. 7, 2021). The comment period closed on February 7, 2022. The Agencies are reviewing and responding to the comments submitted on the proposed rule and completing other necessary components of the rulemaking process. The Agencies currently expect to issue a final regulation by the end of this year.

13.     On September 12, 2022, OMB received the rule for interagency review. *See* Office of Information and Regulatory Affairs, Office of Management and Budget, Executive Order Submissions Under Review, https://www.reginfo.gov/public/do/eoReviewSearch (last visited Sept. 19, 2022).

14.     Currently, this case is being held in abeyance pending publication of a Final Rule in the Federal Register regarding the definition of "waters of the United States" or the Agencies' decision that they will no longer proceed with the rulemaking. Dkt. No. 127 at 9. The Parties will submit a proposal or proposals for further proceedings within 21 days after either event occurs. The Agencies' next status report is otherwise due on March 25, 2023.

Respectfully submitted this 19th day of September, 2022:

        /s/ *Hubert T. Lee*
HUBERT T. LEE
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
150 M St. NE, Rm 4.1116
Washington, DC 20002
(202) 514-1806 (phone); (202) 514-8865 (fax)
Hubert.lee@usdoj.gov

Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing filing was electronically filed with the Clerk of the Court on September 19, 2022, using the CM/ECF system, which will send notification of said filing to the attorneys of record.

/s/ *Hubert T. Lee*
HUBERT T. LEE
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
150 M St. NE, Rm 4.1116
Washington, DC 20002
(202) 514-1806 (phone); (202) 514-8865 (fax)
Hubert.lee@usdoj.gov

Attorney for Defendants